UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-4-TAV-JEM |
| | ) | |
| LAVALLE C. MATTHEWS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Lavalle Matthews's Motion to Continue [Doc. 14], filed on February 10, 2026.

Defendant asks to continue the March 17, 2026 trial date and February 13, 2026 plea deadline in this case and that all related deadlines be adjusted accordingly [*Id.* ¶ 2]. In support of his motion, Defendant states that the parties are working toward an agreed resolution [*Id.* ¶ 3]. He contends that the parties anticipate the negotiations will ultimately prove fruitful, but more time is needed to complete negotiations [*Id.*]. Defendant understands and agrees that the time during which the trial is continued is excludable from the speedy trial calculation [*Id.* ¶ 6]. The Government does not oppose the requested continuance [*Id.* ¶ 5].

Based upon the information in Defendant's motion, and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Matthews the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to review, discuss, and evaluate issues relating to a potential plea agreement, and, if plea negotiations are ultimately not fruitful, to otherwise prepare for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the March 17, 2026 trial date.

The Court therefore **GRANTS** Defendant Matthews's Motion to Continue [**Doc. 14**]. The trial of this case is reset to **May 26, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on February 10, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Lavalle Matthews's Motion to Continue [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 26, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **February 10, 2026**, and the new trial date of **May 26, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 24, 2026**;

(5) the deadline for filing motions *in limine* is **May 11, 2026**, and responses to motions *in limine* are due on or before **May 19, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 12, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 15, 2026**.

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge

3

Case 3:26-cr-00004-TAV-JEM     Document 15     Filed 02/17/26     Page 3 of 3     PageID #: 42